ELIZA J. GRIFFIN & Husband *vs.* AXEL JORGENSON.

August 7, 1875.

Matter in Defence—When it may be Pleaded as a Counter-claim.— Although matter set up in an answer may be a complete defence to the cause of action alleged in the complaint, it may also be pleaded as a counter-claim if it constitutes a cause of action in favor of defendant against the plaintiff, and is connected with the subject of plaintiff's action.

Counter-claim—Dismissal.—Where such matter is pleaded as a counter-claim, the plaintiff cannot, of his own motion, dismiss the action.

Reference—Insufficient Report—Recommittal.—When a referee filed a report merely denying defendant's motion for judgment, but reporting no judgment for either party, it is the duty of the district court to send the case back to him, with directions to report a judgment.

Same—Appeal from Order setting aside Judgment on the Report.—On an appeal from an order setting aside a judgment entered on the report of a referee, this court will not consider whether the conclusions of law found by the referee are justified by his conclusions of fact.

Order Denying Motion—When a Bar to a Subsequent Application. — An order denying, unconditionally, a motion to vacate a previous order is, while it remains unchanged, a bar to any subsequent application for the same relief.

Application to Vacate Order for Mistake—When to be Made.—The time within which an application may be made to vacate an order, on the ground that it was taken through the mistake, inadvertence, surprise, or excusable neglect, of the party, is one year after notice of the order, and cannot be extended by the fact that subsequent proceedings have been had, based on such order.

Appeal by defendant from an order of the district court

for Hennepin county, *Vanderburgh*, J., presiding, setting aside a former order, etc., as stated in the opinion.

*L. M. Brown*, for appellant.

*Bigelow, Flandrau & Clark* and *R. A. Irwin*, for respondents.

GILFILLAN, C. J. The complaint alleges that on June 9, 1864, the plaintiff, Eliza J., was, and still is, the owner of certain real estate in the county of Scott; that on that day the defendant caused to be filed in the office of the clerk of the district court, in said county, what purported to be a transcript of the docket, in the county of Carver, made April 14, 1859, of a judgment in his favor, and against Levi H. Griffin, and caused execution on the judgment to be issued to the sheriff of the county of Scott, who thereunder levied upon and sold the said real estate of the plaintiff, Eliza J., to this defendant, and issued to him a certificate of sale. The entry of the judgment is not denied, but it is alleged that it was not docketed in Carver county on April 14, 1859, nor till April 4, 1864, and, consequently, that the transcript sent to Scott county was false as to the date of docketing in Carver county. The action is brought to clear the land from the cloud created by the docketing in Scott county, and the execution sale and certificate of sale.

The answer alleges that Levi H. Griffin was the owner of the land in question prior to November 3, 1858, and on that day conveyed it to his mother, Mary H. Griffin, who, on November 9, 1858, conveyed it to the plaintiff, Eliza J., wife of Levi H.; that such conveyances were without any consideration, without any change of possession, which continued in Levi H., and were made with the sole intent to defraud the creditors of Levi H., and defeat the collection of a judgment which defendant was about to recover against said Levi H.; that at the time of said conveyances there was pending an action by defendant against said Levi H., in which the judgment mentioned in the complaint was entered in Carver county, April 14, 1859, but that the clerk of the court omitted to docket the judgment in that county

until April 4, 1864, when he docketed it as of that date, and a transcript of such docket was filed and docketed in Scott county, and execution issued and the land sold, as stated in the complaint. The answer demands judgment, declaring said deeds to be fraudulent and void, and as of no force or effect as against him. There was no reply.

The cause was referred, January 5, 1871, to W. P. Warner, Esq., to hear, try and determine all the issues of law and fact therein. Defendant noticed it for hearing before the referee for March 9. On March 6 plaintiffs' attorney filed notice of dismissal, and served notice thereof on defendant's attorney. On March 9 the cause was brought on before the referee, before whom ʿboth parties appeared, and it seems that defendant made a motion for judgment for want of a reply, which was denied, and the referee's decision filed March 30.

On April 17 defendant made a motion in Hennepin county for an order sending back the papers to the referee, with directions to report a judgment, pursuant to the trial and submission had on March 9. The plaintiffs not appearing on such motion, the order was granted the same day, April 17. On May 11 plaintiff made a motion in Rice county for an order vacating the order of April 17, which motion was denied. On May 24 the referee's report was filed, ordering judgment for defendant, as prayed for in the answer.

On June 19 defendant procured from the district court in Hennepin county an order requiring the plaintiffs and the clerk of the court to show cause why judgment should not be entered on the report of the referee. The decision on this order was filed August 19, directing the clerk to enter judgment, but giving leave to the plaintiffs to make such motion for relief as they might be advised. Instead of availing themselves of this leave, the plaintiffs appealed to this court, and the appeal was dismissed January 5, 1872. Judgment in favor of defendant was entered on the report of the referee, December 30, 1873.

On February 21, 1874, plaintiffs made a motion in Hennepin county for an order vacating the order of April 17, 1871, setting aside the report of the referee, vacating the order of August 19, 1871, and setting aside the judgment. The defendant not appearing on this motion, it was granted, and from the order granting it defendant appeals to this court.

The first question arising on the appeal is as to whether the plaintiffs had a right to dismiss the action by the notice filed March 6, 1871. This depends upon whether the answer contained a counter-claim. Upon the facts alleged in the answer the defendant might have brought suit against these plaintiffs to obtain the affirmative relief which the answer demands. They constitute a cause of action connected with the subject of the plaintiffs' action, to wit, the real estate described in the complaint.

It is argued that where new matter alleged in an answer constitutes a defence to the cause of action in the complaint, it cannot be the subject of a counter-claim. But although it may make a complete defence to plaintiff's cause of action, if it is also of such a nature that it entitles defendant to affirmative relief, so that he might have brought an action on it, such relief may be asked for in the answer. This court so decided in *Eastman* v. *Linn*, 20 Minn. 433.

The answer does not call the new matter a counter-claim, nor is it necessary that it should. It is enough if it appears that it is set up for that purpose, and this appears as well by the prayer for affirmative relief upon it as it would by expressly designating it a counter-claim. The plaintiffs could not dismiss the action, and their notice filed with the clerk was of no effect.

The cause was properly brought on for trial before the referee, and, as it appears to have been submitted to him, he ought, in his first report, to have reported a judgment. As he failed to do so, either party had a right to have the cause remitted to him, as it was remitted by the order of April 17, 1871, with instructions to report a judgment. That

order does not direct what judgment shall be reported, nor interfere with the proper office of the referee, but merely directs him to perform his duty, and make a proper report. The order, the second report of the referee, the order directing the clerk to enter judgment, and, so far as appears by this record, the entry of judgment, were regular.

We cannot, on this appeal, consider whether the conclusions of law found by the referee in his report are justified by the facts found by him. The court below could consider that question only on a motion for a new trial, and we can consider it only on an appeal from the order on such motion, or on appeal from the judgment.

The only remaining ground of the motion on which the order appealed from was made is that the order of April 17, 1871, and all subsequent proceedings in the cause, were taken against the plaintiffs through their mistake, inadvertence and excusable neglect.

The order of May 11, 1871, denying plaintiffs' motion for an order setting aside the order of April 17, 1871, is absolute in its terms, and no reason is given for not applying to the judge who made it to correct it if it is incorrectly expressed. That order, so long as it remained unchanged, was a bar to any subsequent application for the same relief.

But aside from the effect of that order as a bar, there are two controlling reasons why the order appealed from should not have been granted. No reason at all is shown for setting aside the subsequent proceedings, except the claim that the order of April 17, 1871, upon which they are based, should be set aside, and no cause is shown for which that order could at any time have been set aside, except that it was taken through mistake, inadvertence, surprise, or excusable neglect, of the plaintiffs. The application on that ground can be made only within one year after notice of the order. The application for the order appealed from was not made till nearly three years after notice of it, when the right to make it upon those grounds was barred by lapse of time.

But, again, the notice of motion for the order appealed from asks no other relief than that the order of April 17, 1871, and the subsequent proceedings, should be set aside— that is, that the. cause should be restored to its condition just prior to the entry of that order.    Leave to serve a. reply is not asked for, nor is it asked that the trial before the referee be opened.    Vacating the order of April 17, 1871, would put the cause in such condition that it would be the duty of the court to at once make a precisely similar order, and send the cause to the referee, with instruction to report a judgment.    Certainly no court would ever understandingly take such a step merely on the ground of the parties' mistake, inadvertence, surprise, or excusable neglect.

Order reversed.