SAMUEL CURTISS and Wife *vs.* CHARLES C. LIVINGSTON and Wife.

December 31, 1886.

**Pleading — Requisites of Counterclaim — Reference to Complaint.—**
To set up a counterclaim, an answer should contain a plain and distinct statement of the facts constituting the same, and this may be done by reference to the complaint.

**Same—Answer in Ejectment held not a Counterclaim.—**This action is in the nature of ejectment, the complaint alleging that defendants are in the unlawful possession of the disputed premises. The answer specifically denies unlawful possession, and then denies "each and every allegation, matter, and thing in the complaint contained, not hereinbefore expressly admitted or denied." *Held,* that the answer is not to be taken as, in effect, by admission, alleging defendants' *possession,* so as to enable them to claim the benefit of such allegation as part of the statement of a cause of action to determine an adverse claim.

Plaintiffs brought this action in the district court for Rice county, to recover the possession of real property. The action was tried before a jury who disagreed, and thereafter the plaintiffs entered a dismissal of the action and served notice thereof upon the defendants. Upon plaintiffs' motion the court then struck the action from the calendar, and judgment of dismissal was entered, from which the defendants appeal.

*A. D. Keyes,* for appellants.

*Geo. N. Baxter* and *Baxter, Townley & Gale,* for respondents.

BERRY, J. This is an action in the nature of ejectment for the recovery of 80 acres of land; the complaint alleging that the plaintiff is owner in fee-simple, and entitled to possession, and also "that the defendants are now, and for more than two years last past have been, wrongfully and unlawfully in possession." The answer denies that defendants are or ever have been wrongfully or unlawfully in possession of said premises or any part thereof, and, after other specific denials not here important, denies "each and every allegation, matter, and thing in the complaint contained, not hereinbefore expressly admitted or denied." The answer then proceeds to set up facts show-

ing title in fee in defendant Mary (who is wife of her codefendant) to the premises in dispute, and demands judgment adjudging the title to be in her.

Defendants insist that the answer sets up a counterclaim, under the statute for the determination of adverse claims, viz., Gen. St. 1878, c. 75, § 2. For this purpose it is of course necessary that it should contain a plain and distinct statement of facts constituting a cause of action under that statute,—*Vassear* v. *Livingston*, 13 N. Y. 248; *Cragin* v. *Lovell*, 88 N. Y. 258; Boone, Code Pl. § 88; Gen. St. 1878, c. 66, § 96, subd. 2; *Linn* v. *Rugg*, 19 Minn. 145, (181;)—and in this particular case it must (as is admitted) allege, among other things, defendants' possession. Defendants contend that it does this, as it properly may, (*Cragin* v. *Lovell*, 88 N. Y. 258,) by reference to the complaint. Their argument is that the complaint alleges defendants' unlawful possession, and that their specific denial of unlawful possession denies *unlawfulness* only, and thereby, by implication, admits possession. This is the proper effect of the specific denial, considered by itself. *Larney* v. *Mooney*, 50 Cal. 610. But the specific denial is followed by a general denial of each and every allegation of the complaint not expressly admitted. This is in its literal terms a denial of possession, and whatever right the *plaintiff* might have to insist for some purposes that the answer should be construed against the parties pleading it, and in his favor, as admitting possession, the defendants can demand no such construction in their own favor. It is for them to allege the facts constituting their counterclaim plainly and distinctly. They cannot ask the court to spell out of their answer, by construction, an allegation of an indispensable fact, when that fact is in terms denied in the answer, and when the omission to allege it distinctly is without excuse. The answer in this case must be regarded as containing no proper allegation of possession, and therefore as failing to set up the counterclaim contended for. Defendants' further position that, even if the answer does not state a counterclaim, it does demand affirmative relief, within the meaning of Gen. St. 1878, c. 66, § 262, subd. 1, cannot be maintained. A mere demand of affirmative relief, without some statement of facts showing a right to it, (a statement not found in this answer,) must

be futile. The statute does not refer to such a case, but very possibly to one (among others, at least) in which, though the facts stated do not make out a counterclaim, they do show "equities" such as are mentioned in Gen. St. 1878, c. 66, § 96, subd. 3.

Judgment affirmed.