CATHERINE KOERPER and others *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

January 30, 1889.

Practice—Right to Dismiss—"Affirmative Relief" prayed in Answer
  Gen. St. 1878, c. 66, § 262, gives the plaintiff the right to dismiss his action at any time before trial "if a provisional remedy has not been allowed, or counterclaim made, or *affirmative relief* demanded in the answer." *Held*, that "affirmative relief" is only that for which defendant might maintain an action independently of plaintiff's claim, and which he might proceed to recover although plaintiff abandoned his cause of action, or failed to establish it.

Same — Answer held not to pray such Relief.—In an action against a railroad company to recover land upon which it had built its road, the answer of the company set up title in itself, but alleged, (pursuant to Gen. St. 1878, c. 34, §§ 33–38,) its readiness and willingness to pay the

plaintiff for the land, provided on the trial he established his right to recover the land.   *Held*, that the relief demanded in the answer was not "affirmative," within the meaning of the statute.

Conveyance—Record—Subsequent Change of County Lines.—Where a party has recorded a conveyance of real estate in the county where the land is then situated, a subsequent change of county boundaries does not, of itself, impose upon him the duty of again recording the conveyance in another county within which the premises may happen to fall by reason of such change.   Neither was any such duty imposed by Laws 1875, *c.* 51, (Gen. St. 1878, *c.* 40, § 21.)

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial after verdict directed for defendant.

*Geo. C. Ripley, John B. Atwater, C. E. Brennan,* and *S. A. Booth,* for appellants.

*D. A. Secombe,* for respondent.

MITCHELL, J.   Plaintiffs brought this action to recover possession of certain real property, and damages for withholding the same.   The wrongful possession and withholding alleged consisted of defendant's constructing and operating its road across the premises.   The defendant answered, justifying its occupancy by alleging title and right of possession in itself by virtue of certain condemnation proceedings, had when the premises were vacant and unoccupied, against one Mills, in whom as alleged the title appeared of record, and to whom it paid the award of the commissioners.   The answer then admits that defendant has never paid compensation otherwise than as stated, and alleges that it is ready and willing to pay plaintiffs compensation for such taking, on having the same ascertained in the action, provided the plaintiffs on the trial shall establish their right to recover the land in question.   This was alleged for the purpose of bringing the case within the provisions of Gen. St. 1878, *c.* 34, §§ 33–38, which provide, in substance, that in an action against a railroad company to recover land across which it has built its road without paying the owner compensation, the defendant may by answer admit and allege the taking of plaintiff's land for railroad purposes, that no compensation has been made for such taking, and that it is ready and willing to pay

such compensation on having the same assessed in the action, provided the plaintiff on the trial shall establish his right to recover the land. It further provides that, when the defendant thus admits and pleads, the jury shall find by their verdict whether plaintiff is entitled to recover the land, and, *if so entitled,* the amount of compensation he is entitled to for the taking of the land for railroad purposes; and where the finding is that plaintiff·is entitled to recover the land, the form of the judgment is that the plaintiff recover of the defendant the land in suit, or, *in lieu thereof,* the compensation fixed by the jury. Before trial the plaintiffs attempted to dismiss the action, and had done so, if they had the right under Gen. St. 1878, *c.* 66, § 262, which gives the plaintiff the right to dismiss at any time before trial "if a provisional remedy has not been allowed, or counterclaim made, or *affirmative relief* demanded in the answer." The trial court held that the plaintiffs had no right to dismiss, and forced them to trial on the merits.

The correctness of this ruling presents the main point in the case, and this all turns upon the question whether the relief demanded in the answer is "affirmative," within the meaning of the statute. It seems to us that the relief to which the statute refers as affirmative is only that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it. In other words, the answer must be in the nature of a cross-action, thereby rendering the action defendant's as well as plaintiff's. The relief·demanded in the answer in this case is clearly not of this kind. It is entirely conditioned and dependent upon plaintiffs establishing their right of recovery. It is merely a qualification of plaintiff's recovery, by which he obtains a sum of money in lieu of the land. The statute does not contemplate or authorize an assessment of compensation except where the plaintiff has established his right to recover the land. The language of the statute is unmistakable on this point. Indeed, the prayer of the answer for the relief is subject to this condition. If the plaintiff suffers a nonsuit, or fails to establish his cause of action on the trial, there is nothing further to try, and no assessment of compensation would be either

necessary or authorized. This is illustrated by the course pursued in this very case. Had the answer admitted plaintiffs' right to recover, so that nothing remained to try except the amount of compensation to be awarded them, a somewhat different question might perhaps have been presented. But in this case defendant occupies the somewhat inconsistent position of first preventing a dismissal on the ground that it wants to condemn plaintiffs' land, and then defeating plaintiffs' recovery in the action, on the ground that it has already acquired title by condemnation. In order that a defendant may proceed with the litigation against the wishes of the plaintiff on the ground that he asks affirmative relief, he must have some affirmative cause of action in himself. Relief which is simply conditioned on plaintiff's recovery is not enough, for, in such a case, if plaintiff fails to recover, defendant has no grievance, and hence no occasion for relief. We are therefore of opinion that the court below erred in denying plaintiffs' right to dismiss.

This is decisive of this case; but counsel have argued another question, which, in view of its public importance and that it may arise in future litigation between these parties, it may be proper to consider. It is this: Assuming that in 1885 these premises were situated in Ramsey county, and while so situated a conveyance of them was duly recorded in that county, but by subsequent change of county lines the premises fell within Hennepin county, was the owner required by chapter 51, Laws 1875, (Gen. St. 1878, c. 40, § 21,) within three months to record the deed in the latter county, in order to protect his title? We think clearly not. A conveyance must be recorded in the county where the land lies at the time it is left to be registered, and when this is done the requirements of law have been complied with. *Garrison* v. *Haydon*, 1 J. J. Marsh. 222, (19 Am. Dec. 70.) And a subsequent change of county lines, of itself, imposes no duty on the owner to again record the conveyance in another county in which upon such change the land may happen to fall. *Jones* v. *Powers*, 65 Tex. 207. The amendment of 1875, referred to, imposes no such duty. The provision in the act relating to deeds "heretofore executed, and not so recorded," has reference solely to deeds which had never been recorded. This will be apparent from

a comparison of the statute before and after the amendment. The provision in the first part of the section, requiring conveyances of real estate to be recorded "in the office of the register of deeds of the county where such real estate is situated," was in the original statute, and is retained in it as amended, and, under a familiar rule of construction in such cases, is to be deemed as having been the law all the time, and speaking as of the date of the passage of the original statute. Inasmuch as all retroactive registration statutes imposing upon a party a duty in regard to recording his muniments of title which was not imposed upon him when they were executed, are liable to work harshly, and are of questionable validity unless carefully guarded, courts have always construed them strictly. *Gaston* v. *Merriam,* 33 Minn. 271, 280, (22 N. W. Rep. 614.) It would therefore have to be the very clearly expressed legislative will to justify a court in construing an act as requiring a person who had once recorded his deed in the proper county to record it again in another county, into which the land happened to fall by reason of a change of county limits. We find no such intent expressed in the act of 1875, especially in view of the established policy of this state, from the earliest territorial days, to require the authorities of the new county to transcribe from the records of the old one such records as pertained to land detached from it. Rev. St. 1851, *c.* 46, § 33; Gen. St. 1878, *c.* 40, § 30; Laws 1856, *c.* 71, § 5.

Order reversed, and action dismissed.