Harry J. Farrell *vs.* H. C. Burbank *et al.*

Submitted on briefs May 21, 1894. Reversed June 1, 1894.

No. 8716.

**An overpayment on a running account, not a gift.**

Where the plaintiff is in the employ of defendants, who are advancing him money from time to time on his wages, *held* an overpayment by them to him under such circumstances cannot be considered as a voluntary payment in the sense that they cannot require him to account for it.

**Allegations in an answer held a counterclaim.**

Allegations in an answer manifestly set up as a counterclaim, and praying for affirmative relief, will be treated as a counterclaim, though not designated as such in the answer.

Appeal by defendants, H. C. Burbank, B. F. Bloomingdale and F. H. Campbell, from an order of the Municipal Court of the City of

St. Paul, *H. W. Cory*, J., made December 16, 1893, denying their motion for a new trial.

*Warner, Richardson & Lawrence*, for appellants.

*Bowe & Woodruff*, for respondent.

CANTY, J. Plaintiff was a traveling salesman for defendants during the year 1890, and during the year 1891, up to October 20th of that year. This is an action stating three causes of action,—the first for a balance claimed to be due plaintiff for his services in 1890, the second for a balance claimed to be due him for his services in 1891, and the third for $15.20, which he claims he paid out for his traveling expenses in 1891, and which defendants have not repaid.

The case was tried by the court below without a jury, and the court found in plaintiff's favor on the first cause of action a balance due him of $144.13, and in his favor on the third cause of action also for said sum of $15.20.

As to the second cause of action, stripped of all unnecessary and immaterial facts, the court found that plaintiff was employed by defendants in 1891 under an agreement whereby he was to be paid his traveling expenses and four per cent. of the amount of his sales for his service, and that he was so employed from January 1st to October 20th of that year, and his sales amounted to $25,-824.26. "That defendants voluntarily paid plaintiff during said year on account of said services the sum of $1,311.62." Four per cent. of the sales would be $1,032.97, and it appears that plaintiff was overpaid by this voluntary payment the sum of $278.65. But the court permits plaintiff to retain this sum, and orders judgment against the defendants for the full sum of $144.13 and $15.20, found due him on the other two causes of action. This was error. The plaintiff was not entitled to retain the overpayments made to him during the last year of his service, without accounting for them, and also collect $15.20 as expenses for the same time, and also $144.13 for his services the year before. The finding that this overpayment was "voluntary" amounts to nothing. This is not the kind of a payment or the kind of a case where the doctrine can be invoked that a voluntary payment cannot be recovered. This is a case of a current running account, where there are advances on the one side and continuous earning of the same on the other, and the law im-

plies an agreement to repay any overpayments. The sum found due plaintiff must be deducted from this overpayment, and defendants are entitled to judgment for the balance.

The point is made by plaintiff that defendants do not plead any counterclaim in their answer. They allege that he agreed to work for the whole of the year 1891, and broke his contract, and that he drew and received $278.65 more than was due him, and demand judgment against him for that sum. This is sufficient pleading of a counterclaim, though not formerly designated as such. *Griffin* v. *Jorgenson*, 22 Minn. 92.

Plaintiff is allowed $144.13, and interest thereon from December 31, 1890, to October 20, 1891,—$8.12,—and also $15.20, being in all, $167.45; and, after deducting this from $278.65, the defendants are entitled to judgment for the balance, being $111.20, and interest thereon since October 20, 1891.

The order appealed from is reversed, with directions to enter judgment for defendants accordingly.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 485.)