GEORGE LA FOND v. NELLIE LA FOND.[1]

November 15, 1907.

Nos. 15,348—(53).

**Divorce—Vacating Decree.**

In an action for an absolute divorce, defendant, inter alia, sought to be restored to possession of personal property belonging to her then under the control of her husband. Counsel for plaintiff served notice of dismissal on which no judgment was entered. Subsequently, by stipulation of counsel for both parties, the case was put on the trial calendar. A decree of absolute divorce was entered. Defendant afterward moved that the order for judgment be vacated and that the dismissal of the action be made effective. It is *held* that the dismissal did not avail, because the answer sought affirmative relief and the dismissal was not perfected, but practically abandoned. Under section 4160, R. L. 1905, the court had no discretion to open the final order for judgment.

Action in the district court for Morrison county for absolute divorce on the ground of desertion. From an order, Baxter, J., denying her motion to vacate the order for judgment, defendant appealed. Affirmed.

*Stewart & Brower,* for appellant.

*Elmer A. Kling,* for respondent.

JAGGARD, J.

This was an action for absolute divorce on the ground of desertion. The answer of the defendant, besides containing a general denial, set forth that the plaintiff had in his possession certain personal property belonging to the defendant, which came into the plaintiff's control through the defendant by reason of the marriage. It is also alleged that defendant became the owner of certain personal property by gift from her father, which the plaintiff appropriated to his own use. The relief sought included judgment of the court that the wife be restored to the possession of the personal property, and that the husband pay to her the value of the property which came to her by gift and of which he had disposed. Subsequently plaintiff notified defendant that the

[1] Reported in 113 N. W. 896.

action and all proceedings were dismissed. This notice, and proof of service, was filed in the clerk's office but no judgment was entered thereon. On the contrary, counsel for both parties subsequently stipulated, inter alia, that the case be reinstated on the calendar of the court. Thereupon, on October 23, 1906, an absolute divorce was granted, and the decree entered accordingly. On January 11, 1907, the defendant, by other attorneys, moved for the vacation of the order of judgment and that the dismissal of the action be made effective. The court denied the application, on the ground that he had no authority to vacate the same in the exercise of his discretion, and granted other relief not involved here. From the part of the order refusing to vacate the order for judgment, defendant appealed.

We are of the opinion that the trial court ruled properly, for a number of reasons. The plaintiff had no right to dismiss the action before trial, because affirmative relief was demanded in the answer. Without considering whether the wife can sue her husband in tort, and whether the attempt here to obtain judgment for the wife's property disposed of by the husband was an action in conversion, it is entirely clear that she had a right to have her own personal property restored to her. Defendant might have maintained an action entirely independent of plaintiff's claim for such relief. She might have sued to recover such property, even if he had abandoned his cause of action or failed to establish it. Koerper v. St. Paul & Northern Pac. Ry. Co., 40 Minn. 132, 41 N. W. 656; Day v. Mountin, 89 Minn. 297, 94 N. W. 887. The case on this point is essentially controlled by Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649. The dismissal of the action, moreover, was never in fact completed; but, on the contrary, it was treated as abandoned by counsel, whose act was not attacked for fraud. Section 4160, R. L. 1905, left the court no discretion as to the final judgment in an action for divorce.

Affirmed.