# WENONAH J. BURT v. FRANK CLAGUE AND ANOTHER.[1]

March 20, 1931.

No. 28,328.

*Robert Beach Henton,* for appellant.

*N. R. Ryerson* and *Somsen, Dempsey & Flor,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order granting defendants' motion to interplead the State Bank & Trust Company of Redwood Falls as special administrator and as defendant in the action.

Susan E. Salisbury died September 8, 1930. Defendants are named as executors in what purports to be her last will. They have offered it for probate. They have, for an honest purpose but apparently without legal right, taken possession of certificate No. B-2659 for 2,790 shares of the capital stock of Parke Davis Company, of the suggested value of about $90,000.

Plaintiff claims by virtue of an arrangement made with the decedent in her lifetime to be in possession of the title of this property. She did not sue in replevin, but her action sounds more in equity, asking that defendants be ordered to deliver the property to her. · The defendants initiated the appointment of the State Bank & Trust Company as special administrator of the estate of the decedent; and upon its qualifying as such they moved the court for

[1]Reported in 235 N. W. 620.

an order interpleading and substituting such special administrator as defendant in their place; and for an order permitting them to deliver the property into court or to such person as the court may direct; and dismissing the action as to them, who disclaimed any interest in the property but indicated that the legatees in the will desired the estate to contest plaintiff's right to the property. Defendants are attorneys and now represent the special administrator, which claims the property for the estate. The motion was granted, and the court substituted the special administrator as defendant, dismissed the action as to the original defendants, and directed the property to be delivered to the special administrator, the order requiring it to keep the property and income therefrom intact until the further order of the court. It also directed the plaintiff to amend her complaint and serve it upon the substituted defendant, which was required to plead thereto.

The proceeding for substitution was made under G. S. 1923 (2 Mason, 1927) § 9261. Appellant's counsel stresses the fact that it appears from the record that the substituted defendant never made a demand upon the defendants for the property. The statute does contemplate a demand. A liberal construction of the statute which appeals to us as wholesome requires such demand to exist in substance rather than mere form. We construe the statute as meaning a situation wherein someone aside from the plaintiff is actually claiming a right to the possession of the property involved. Here was an unusual situation. The plaintiff was apparently unwilling to await appointment of the representative of the estate. It may be that she had justifiable reasons for not waiting. We do not know. The certificate stands in the name of decedent and was in her possession at the time of her death. Plaintiff does not claim right of possession until after the death of decedent. She found the property in the possession of a person who had no legal right thereto. She acted. Defendants apparently thought that her claim should be contested by the estate, her title had not been adjudicated, and they caused the appointment of the special administrator and became employed by it.

After this action was commenced defendants were not in a position to yield to a demand from the special administrator had it been formally made. They could not safely have done so. They might be held liable in the action to plaintiff. A demand, therefore, was useless. Defendants knew that the special administrator was asserting a right to the property. The real parties in interest were facing litigation. The litigation did not concern defendants personally; they resorted to the statute for relief from defending a lawsuit wherein they had no interest. It is true that they found themselves in the unenviable situation of having taken possession of the property prematurely and without legal right. They had voluntarily taken hold of the property, but were not in a position to release it; but they had acted in good faith and were apparently holding the property for the estate, anticipating that the will wherein they were named as executors would be admitted to probate.

The statute requires a liberal construction, and we are of the opinion that under the circumstances a formal demand was unnecessary, since no compliance therewith could have been reasonably had. Yet the claimed right was being asserted. It was real. It was known. A formal demand would have added nothing; nor would it have changed the situation.

There was no collusion, within the meaning of the statute. Collusion in its legal significance involves an agreement between two or more persons to defraud another of his rights by the forms of law or to obtain an object forbidden by law. This is not such a case. The dealings were all open and honest. No one claims otherwise. The plaintiff has also displayed great frankness and detail in disclosing the source of her claim to the property. The situation required the court to act. The action taken was within the power given by the statute. The court perhaps had the power to do as it did even without regard to the statute.

The order from which the appeal is taken seems justified by the simple fact that it puts the real parties in interest in court and relieves plaintiff from having to have two lawsuits. Little could be gained by having an unnecessary lawsuit with defendants. That would not settle plaintiff's claim.

Affirmed.