# WENONAH J. BURT v. STATE BANK & TRUST COMPANY OF REDWOOD FALLS.[1]

May 20, 1932.

No. 28,834.

*Leon H. Brown* and *Theodore W. Thomson,* for appellant.
*Somsen, Dempsey & Flor* and *N. R. Ryerson,* for respondent.

STONE, J.

Appeal from an order granting defendant's motion to set aside an attempted ex parte dismissal by plaintiff of a former action. (The

[1] Reported in 242 N. W. 622.

first case has been here on appeal from an order for the substitution of defendants. 183 Minn. 109, 235 N. W. 620.) The subject matter of the two actions is the same—a block of corporate stock, the certificate for which stands in the name of decedent, Susan E. Salisbury.

Plaintiff claims the stock under two written assignments from decedent and sues to have her ownership judicially established. By answer in the first action, defendant, representing the estate of decedent, charged that plaintiff's assignments are void because (1) induced by fraudulent representations, (2) such mental incompetence on the part of the decedent at the time the assignments were executed as to deprive her of contractual capacity, and (3) the abuse by plaintiff of a confidential relationship between her and decedent. There was nothing in the answer labeled cross-bill or complaint. But, following the allegations of fact just summarized —there is no need to restate them in detail—there is a prayer that plaintiff be adjudged "not entitled" to the stock in question or "any part thereof," and that "defendant be adjudged the owner * * *, and entitled to the possession thereof and of the certificate evidencing ownership thereof." There is also a prayer for general relief.

G. S. 1923 (2 Mason, 1927) § 9322, prevents a dismissal, without consent of the defendant or upon order of court, wherever a provisional remedy has been allowed or "a counterclaim made or other affirmative relief demanded in the answer." Without considering whether a provisional remedy had been granted in the first action, we hold that affirmative relief was effectually demanded by answer. In consequence plaintiff had no right to dismiss the first action, and the order setting aside her attempted dismissal and reinstating the case was right.

It might have been better pleading if the answer had specifically interposed a cross-complaint. But the absence of correct label is not fatal to substance. It is enough if the purpose appears, and the affirmative allegations of fact sufficiently support and are accompanied by an appropriate prayer for affirmative relief. Griffin v. Jorgenson, 22 Minn. 92.

These parties claim equitable relief each against the other. Particularly is that true of defendant's position. The estate of which it is representative cannot be administered properly or with assurance until there is judicial determination as to the genuineness or lack of it of plaintiff's alleged assignments of the stock. In default of action by plaintiff, the representative of the estate might have proceeded independently, as plaintiff, with an action to have plaintiff's supposed assignments declared void and title of the stock adjudged in the estate. In the action by plaintiff, the relief wanted by defendant is such that it "might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it," within the rule of Koerper v. St. P. & N. P. Ry. Co. 40 Minn. 132, 134, 41 N. W. 656. There is no suggestion otherwise in Curtiss v. Livingston, 36 Minn. 312, 30 N. W. 814. There the answer fell short of demanding affirmative relief for the reason stated in the opinion. Had it not been for the indicated fatal defect in the attempted counterclaim, the result would have been different, as it was in Farrell v. Burbank, 57 Minn. 395, 59 N. W. 485.

The statute (§ 9322) grants a plaintiff, frequently to the prejudice and much at the expense of the defense, the indulgence of one arbitrary dismissal. Much could be said in favor of giving a defendant so minded the right to force a decision on the merits after issue is once joined. Compare McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681. But the statute says otherwise, with exceptions clearly stated. The latter are not to be cut down by forced construction or too narrow application. A defendant whose answer adequately pleads his right to and demands affirmative relief has as much right as the plaintiff to force a decision on the merits and so end the controversy.

Order affirmed.