## RONALD J. RHEIN v. MARIE R. RHEIN.[1]

April 1, 1955.

No. 36,415.

*Hyman Cohen* and *Robins, Davis & Lyons,* for appellant.
*Gustav C. Axelrod* and *Edward T. Donohue,* for respondent.

DELL, CHIEF JUSTICE.

Action for divorce voluntarily dismissed by the plaintiff prior to trial. Defendant appeals from an order denying her motion for attorney's fees and other expenses incurred.

On September 3, 1953, plaintiff commenced an action for divorce on the grounds of cruel and inhuman treatment. Defendant interposed an answer which, in the main, denied plaintiff's allegations and alleged cruel and inhuman treatment on his part. The answer

---

[1]Reported in 69 N. W. (2d) 657.

also set forth the property owned by the plaintiff, his annual income, and the property, both real and personal, owned by the parties in joint tenancy. In addition to a general prayer for relief, defendant asked that the plaintiff's cause of action be dismissed, that she be awarded her attorney's fees and costs, and that she be granted alimony and support money during the pendency of the action. Plaintiff interposed a reply consisting of a general denial to the answer. Defendant also served a notice of motion for temporary support money and attorney's fees which motion was never brought before or heard by the court. Subsequently, and within the time prescribed by Rule 41.01 of the Rules of Civil Procedure, plaintiff filed a notice of dismissal of the action. Thereafter the defendant moved the court for an order awarding her attorney's fees and other expenses which she had incurred.

By virtue of M. S. A. 518.14, the trial court in actions for divorce may, in its discretion, require the husband to pay such sums as are necessary to enable the wife to carry on or defend the action or for her support during its pendency. However, as we held in Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617, 28 Minn. L. Rev. 488, when a suit for divorce is dismissed, the court no longer has authority to grant attorney's fees or expenses incurred in the litigation.[2] Defendant seeks to distinguish the Johnson case on the ground that there the action was dismissed by stipulation between the parties. In Wagner v. Wagner, 34 Minn. 441, 442, 26 N. W. 450, we said, in construing an almost identical statute:

"The statute provides that temporary allowances may be made to enable the wife to carry on or defend an action, or for her support during its pendency. Gen. St. 1878, c. 62, § 15. It contemplates that such allowances should be made while the action is pending, but not after its determination."

In view of this language, it is clear that, if the dismissal is otherwise valid, it is immaterial whether it is made by stipulation between the parties or merely by the plaintiff ex parte.

[2]Cf. Labanauskas v. Labanauskas, 228 Ill. App. 273.

Under Rule 41.01 the plaintiff is given an absolute right to dismiss an action within the period prescribed merely by filing notice of dismissal "if a provisional remedy has not been allowed or a counterclaim made or other affirmative relief demanded in the answer."[3] It is defendant's position that the attempted dismissal in the instant case was invalid since she asked for affirmative relief in her answer by seeking (1) adjudication of her property rights, (2) alimony and support money, and (3) attorney's fees. "Affirmative relief" has been defined as:

"* * * that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it. In other words, the answer must be in the nature of a cross-action, thereby rendering the action defendant's as well as plaintiff's."[4]

Failure to label the affirmative allegations as a counterclaim is, of course, not fatal if they sufficiently support a claim for relief.[5]

Although the answer here sets forth in some detail the various properties, both real and personal, owned by the parties, it does not allege, by inference or otherwise, any dispute as to ownership, possession, or control of these properties, nor does it ask for any relief with respect thereto. Allegations of facts made merely to support an application for alimony *pendente lite* are not sufficient.[6] In the case of Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649, relied upon by the defendant here, the plaintiff claimed that she was the absolute owner in fee simple of certain real estate in defendant's possession. In his answer the defendant denied plaintiff's title to the real estate, alleged that the defendant was the owner, and demanded that defendant's

---

[3]In this respect Rule 41.01 embodies the provisions of M. S. A. 1949, § 546.39 (1). For interpretations of similar provisions in other jurisdictions, see Annotation, 138 A. L. R. 1100, 1104.

[4]Koerper v. St. Paul & N. P. Ry. Co. 40 Minn. 132, 134, 41 N. W. 656; see, Mason's Dunnell, Minn. Pract. § 730.

[5]Burt v. State Bank & Trust Co. 186 Minn. 189, 190, 242 N. W. 622, 623.

[6]Cf. Caldwell v. Caldwell, 189 N. C. 805, 811, 128 S. E. 329, 333.

title be quieted and established. The court held that the pleadings constituted an action to recover real property in the nature of common-law ejectment. Similarly, in La Fond v. La Fond, 102 Minn. 344, 113 N. W. 896, the defendant in her answer alleged that the plaintiff had appropriated certain of her personal property and asked that it be restored to her. The court held that this constituted a demand for affirmative relief. Merely setting forth the properties belonging to the parties without asking for any relief with respect thereto, as was done by the defendant in the instant case, obviously is not comparable and cannot be said to constitute a demand for affirmative relief.

Defendant's argument that her claim for temporary alimony and support money constituted a demand for affirmative relief within the meaning of Rule 41.01 is equally without merit. Defendant points out, and correctly so, that alimony and support money may be granted under the equitable powers of a court independent of an action for divorce where the wife is justifiably living apart from the husband.[7] In her answer, however, defendant specifically asks for alimony and support money *"during the pendency of this action."* (Italics supplied.) Alimony *pendente lite* is incidental to an action for divorce or separation and terminates when the action is consummated by dismissal or otherwise.[8] By its very nature temporary alimony is not the type of relief that can be had in an independent action and clearly does not partake of a counterclaim. The same is true of defendant's contention that her request for attorney's fees was a demand for affirmative relief. Defendant obviously could not maintain such an action independent of an action for divorce or separation.

Even under the most liberal interpretation, we cannot spell out any demand for affirmative relief in the defendant's answer. Consequently, we must conclude that the dismissal by the plaintiff was

[7] See, Atwood v. Atwood, 229 Minn. 333, 336, note 4, 39 N. W. (2d) 103, 105, note 3, and cases cited.

[8] Richardson v. Richardson, 218 Minn. 42, 15 N. W. (2d) 127, 154 A. L. R. 526; 6 Dunnell, Dig. (3 ed.) § 2802.

effective, and the trial court was without authority to award the defendant attorney's fees and other expenses she incurred.

Affirmed.