W. Frank HORNE, Leo Zurn, Joan Van Poperin, William McNeely, P. A. Del Valle, John Doe and Richard Roe, Plaintiffs,

v.

FEDERAL RESERVE BANK OF MINNEAPOLIS, First National Bank of St. Paul and Commercial State Bank, St. Paul, Northwestern National Bank, Minneapolis, Lyndon B. Johnson, President, United States, Douglas Dillon, Secretary, U. S. Treasury, and United States of America, Defendants.

Civ. No. 3-63-332.

United States District Court
D. Minnesota,
Third Division.

March 5, 1964.

Daly & Daly, by Jerome Daly, Savage, Minn., for plaintiffs.

Miles W. Lord, U. S. Atty., by Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., Briggs & Morgan, by Frank J. Hammond, and Richard H. Kyle,

A. I. Levin and Albert D. Levin, St. Paul, Minn., Faegre & Benson, by Lawrence C. Brown, Minneapolis, Minn., for defendants.

DONOVAN, District Judge.

The instant case comes before the Court on motions by all defendants for summary judgment.

The amended complaint alleges that plaintiffs are citizens, taxpayers and voters of the United States and, as such, bring this action to enforce the primary right of the people of the United States; that on two occasions one of the plaintiffs presented amounts of foreign currency to defendant Northwestern National Bank for exchange, and goes on to allege:

\* \* \* \* \* \*

"As and for a cause of action on behalf of plaintiff Leo Zurn, individually. Plaintiff Zurn alleges that on November 5, 1963, he presented 363 dollars in Canadian currency for exchange at the Foreign Exchange Department of the Northwestern National Bank of Minneapolis, defendant herein, and that he received in exchange therefor $4.87 lawful money of the United States as and for his return.

"As and for a cause of action on behalf of plaintiff Joan Van Poperin, individually, plaintiff Van Poperin alleges that on November 5, 1963, she presented 287 dollars in Canadian currency for Exchange at the Foreign Exchange Department of the Northwestern National Bank of Minneapolis, defendant herein, and that she received in exchange there-

for $4.76 in lawful money of the United States as and for her return."

\* \* \* \* \* \*

The Declaration of Independence and the Constitution of the United States are also pleaded.

Plaintiffs base their claim specifically on the Constitution of the United States, article I, section 8, clause 5, which states that Congress shall have the power to coin money and regulate the value thereof. It is plaintiffs' contention that notes issued by the Federal reserve banks constitute an illegal coining of money.

Plaintiffs also bring this suit as a class action for the benefit of all taxpayers. They seek an injunction that would prevent the use of tax money to pay interest on bonds purchased with illegal money.

For the purpose of this motion defendants admit the alleged transactions and the amounts as set forth in the complaint. They admit that the remainder must have been paid in Federal reserve notes. It must be assumed that the difference between the small amount alleged to be received and the total value of the foreign money was paid to plaintiffs in Federal reserve notes. If this were not true, plaintiffs would have no grounds on which to attack the Federal Reserve System.

Summary judgment is an extreme remedy.[1] On motion for summary judgment, the Court must assume all facts alleged in the complaint to be true. In this case, the motions will be granted only if the facts alleged will not justify relief as prayed for.[2]

1. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853.

2. Plaintiffs cite as authority to bring this action:
   Mines Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140;
   Guaranty Trust Co. v. Henwood, 307 U.S. 247, 59 S.Ct. 847, 83 L.Ed. 1266;
   Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160;
   Norman v. B. & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885;

Phillips v. Brandt, 231 Minn. 423, 43 N.W.2d 285, 16 A.L.R.2d 1048;

Brainerd Dispatch Newspaper Co. v. Crow Wing County, 196 Minn. 194, 264 N.W. 779;

Burt v. Clague, 183 Minn. 109, 235 N.W. 620;

Bowen Imp. Co. v. Van Hafften, 209 Mo. App. 629, 238 S.W. 147;

Lindstrom v. National Life Ins. Co., 84 Or. 588, 165 P. 675.

The questions raised by defendants on their motions for summary judgment are:

1. Do plaintiffs have standing to raise the question of the constitutionality of the statutes involved? (National Banking Act and the Federal Reserve Act.)

2. Does the complaint properly raise a justiciable question?

3. Does the Court have power to restrain the President and the Secretary of the Treasury in this case?

In order to grant the motions for summary judgment, these questions must be answered in the negative.

 A person challenging the constitutionality of a statute must show that the challenger has sustained injury by the operation of the challenged statute.[3] This injury must be specific, not speculative, or in the realm of conjecture. It is well-established that a taxpayer may not attack an expenditure measure without more specific injury than is indicated in the present case.[4] Examination of the file contents discloses that plaintiffs have not shown justiciable injury required to give them basis in law to attack the expenditure of tax money for the purpose of paying interest on United States government bonds. Plaintiffs claim that the Federal reserve notes are worthless and that they were injured when they received them in exchange for foreign currency. By act of Congress these notes are legal tender in the United States.[5] When plaintiffs received these questioned notes, they received the exact value that they would have received if treasury certificates had been offered to them.

It has long been law and tradition that Congress has the power to create and regulate banks.[6] The National Banking Act and the Federal Reserve Act are the acts which create and regulate the national banks. Congress undeniably has the power to so legislate.

The Court has considered all that plaintiffs' counsel has said in oral argument and by brief against the granting of the present motions.

To summarize, it appears from the file, oral arguments and briefs in the case at bar that plaintiffs do not have the right and requisite standing to bring this action and the motions for summary judgment must therefore be granted.

The above disposition abates the necessity for a three-judge hearing.[7]

It is so ordered.

Exceptions are allowed plaintiffs.

---

3. Fairchild v. Hughes, 258 U.S. 126, 42 S.Ct. 274, 66 L.Ed. 499.

4. Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

5. 31 U.S.C.A. § 462.

6. McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579.

7. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323;
   White v. Gates, 102 U.S.App.D.C. 346, 253 F.2d 868;
   Wicks v. Southern Pacific Co., 9 Cir., 231 F.2d 130.