**Ron VEGEMAST, Appellant,**

v.

**John DuBOIS, Respondent.**

No. CX–92–2330.

Court of Appeals of Minnesota.

April 20, 1993.

Jill Eichenwald, Alan G. Greenberg, Minneapolis, for appellant.

Steven P. Carlson, Roseville, for respondent.

Considered and decided by KALITOWSKI, P.J., PARKER, and MULALLY*, JJ.

## OPINION

PARKER, Judge.

Appellant Ron Vegemast argues the trial court lacked jurisdiction to assess attorney fees and costs against him after he had filed a notice of dismissal under Minn. R.Civ.P. 41.01(a). We affirm.

## FACTS

On March 10, 1992, appellant Ron Vegemast filed a complaint against respondent John DuBois, alleging defamation. DuBois answered Vegemast's complaint by denying every allegation and gave notice of his intent to seek attorney fees.

On August 6, 1992, DuBois filed a notice of motion and motion for summary judgment on all of Vegemast's claims, and for attorney fees pursuant to Minn.R.Civ.P. 11. On August 26, 1992, Vegemast filed a notice of dismissal without prejudice pursuant to Minn.R.Civ.P. 41.01(a). After receiving Vegemast's dismissal notice, DuBois's attorney sent a letter to the trial court, indicating his intention to attend the hearing on his motion scheduled for September 4, 1992, and pursue his claim for attorney fees. By order dated September 11, 1992, the trial court awarded DuBois $3,500 for attorney fees, plus costs. Vegemast's motion for reconsideration was denied.

## ISSUE

Did the trial court have jurisdiction to award DuBois attorney fees pursuant to Minn.R.Civ.P. 11 after Vegemast had filed his notice of dismissal under Minn.R.Civ.P. 41.01(a)?

## DISCUSSION

■ Whether a court has jurisdiction is a legal question, and therefore this court is not bound by, and need not defer to, a trial court's legal conclusions. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Vegemast contends that since he had voluntarily dismissed his complaint under Minn.R.Civ.P. 41.01(a), the court no longer had jurisdiction to consider DuBois's motion for attorney fees.

Minn.R.Civ.P. 41.01(a) provides:

[A]n action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal * * * not less than 10 days before the day on which the action is first set for trial, if a provisional remedy has not been allowed or a counterclaim made or other affirmative relief demanded in the answer.

Vegemast contends the Minnesota Supreme Court's decision in *Rhein v. Rhein*, 244 Minn. 260, 262, 69 N.W.2d 657, 659 (1955), controls disposition of this case. *Rhein* involved a husband's action for divorce. In the wife's answer to the complaint, she had requested temporary alimony and attorney fees. After the couple reconciled, the husband voluntarily dismissed his complaint under rule 41.01(a), but the wife's claim for attorney fees remained in dispute. The supreme court held that a request for attorney fees was not a demand for affirmative relief as contemplated by rule 41.01(a), and therefore the trial court lacked jurisdiction to award attorney fees after the dismissal. *Id.* at 263–64, 69 N.W.2d at 660.

The court noted that "affirmative relief" is relief for which the defendant might maintain an action entirely independent of plaintiff's claim even if plaintiff abandoned his cause of action or failed to establish it. *Id.* at 262, 69 N.W.2d at 659. In other words, "the [defendant's] answer must be in the nature of a cross-action, thereby rendering the action defendant's as well as plaintiff's." *Id.* (quoting *Koerper v. St.P. & N.P.Ry.Co.*, 40 Minn. 132, 134, 41 N.W. 656, 656 (1889)). By analogy, Vegemast argues that DuBois's request for attorney fees did not constitute affirmative relief within the meaning of rule 41.01(a), and therefore the trial court lacked jurisdiction to consider DuBois's rule 11 motion.

While we acknowledge the *Rhein* rule supports Vegemast's position, we believe

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

the precedential value of the *Rhein* rule is dubious. In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990), the United States Supreme Court held that a voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i) [1] does not deprive a district court of jurisdiction over a rule 11 motion. In support of its holding, the court noted, "[a]s the 'violation of Rule 11 is complete when the paper is filed' a voluntary dismissal does not expunge the Rule 11 violation." *Id.* 496 U.S. at 395, 110 St.Ct. at 2455 (quoting *Szabo Food Serv., Inc. v. Canteen Corp.* 823 F.2d 1073, 1077 (7th Cir.1987), *cert. dismissed,* 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988)).

While the *Cooter* decision is not controlling law, the Minnesota Supreme Court has previously noted that

> there are only minor and insignificant differences between Minn.R.Civ.P. 11 (1989) and Fed.R.Civ.P. 11 as amended in 1983, and that, accordingly, while not binding on this court, cases interpreting the federal rule are valuable guidelines in understanding its purpose and application.

*Uselman v. Uselman,* 464 N.W.2d 130, 142 (Minn.1990).

We acknowledge this case presents us with somewhat of a conundrum. On the one hand, we have the Minnesota Supreme Court's decision in *Rhein* which suggests the trial court lacked jurisdiction to award attorney fees after the rule 41.01(a) dismissal. On the other hand, we have a United States Supreme Court decision expressly holding the trial court has jurisdiction to consider rule 11 sanctions after a voluntary dismissal and a Minnesota Supreme Court decision advising us that such interpretations of Fed.R.Civ.P. 11 are valuable guidelines to understanding its purpose and application.

Initially, we note the *Rhein* decision predates the adoption of the current version of Minn.R.Civ.P. 11.[2] Because the *Rhein*

court did not consider the propriety of awarding attorney fees under rule 11 after a voluntary dismissal, we do not consider *Rhein* to be dispositive authority. In addition, the *Rhein* decision was explicitly directed at family law cases and has since been statutorily obviated. *See* Minn.Stat. § 518.14 (1990) (divorce statute expressly provides that if the action is dismissed or abandoned prior to determination and award of attorney fees, the court may nevertheless award attorney fees and such award shall also survive the action.)

We believe significant policy reasons support a determination that the trial court had continuing jurisdiction to award rule 11 attorney fees. The *Cooter* Court indicated that both rule 41(a)(1)(i) and rule 11 are directed at minimizing abuses of the judicial system, and thus their policies, like their language, are compatible. *Cooter,* 496 U.S. at 397–398, 110 S.Ct. at 2457. The Supreme Court noted:

> Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. * * * Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and investigate more carefully before serving and filing papers."

*Id.* (quoting Amendments to Rules, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (March 9, 1982)).

While we recognize there are competing policies at issue in this case,[3] we find the

---

1. Fed.R.Civ.P. 41(a)(1)(i) is similar to Minn.R.Civ.P. 41.01(a).

2. The current version of rule 11 was adopted in 1989.

3. By allowing plaintiffs to avoid attorney fees upon voluntarily dismissing cases under rule 41.01(a), plaintiffs may be encouraged to dispose expeditiously of cases they have discovered have little or no basis.

United States Supreme Court's reasoning persuasive. We believe the *Rhein* rule could lead to abuses of the judicial system and could protect harassing litigants from being held accountable for their actions. Under *Rhein*, a plaintiff could continue litigation up to ten days before trial, then dismiss its case, and presumably avoid attorney fee sanctions. Substantial research and trial preparation likely will have occurred by this stage of the proceeding. It is possible one could file a harassing or worthless complaint against another, conduct substantial discovery and, shortly before trial or before hearing on a summary judgment motion, file a dismissal under Minn.R.Civ.P. 41.01(a).

Under the *Rhein* rule, the dismissing party could avoid attorney fee sanctions under circumstances such as to justify the imposition of sanctions. We do not believe this was the intent behind either rule 11 or rule 41.01(a). Nor do we believe the *Rhein* court authorized such a result. Accordingly, we hold the trial court had jurisdiction to award DuBois attorney fees under rule 11 despite Vegemast's voluntary dismissal under rule 41.01(a).

### DECISION

The trial court had jurisdiction to award attorney fees under Minn.R.Civ.P. 11 even after Vegemast had voluntarily dismissed his complaint under Minn.R.Civ.P. 41.01(a).

**Affirmed.**