**Horace A. LAMB, Respondent,**

v.

**William E. JORDAN, Appellant.**

**No. CX–84–1696.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

James A. Sage, Gruesen, Peterson & Sage, P.A., Duluth, for respondent.

Donald C. Erickson, Johnson, Fredin, Killen, Thibodeau & Seiler, P.A., Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant prevailed in a suit before the trial court and requested attorney fees pursuant to Minn.Stat. § 549.21 (1982). The trial court found respondent's suit was "fraudulent from its inception" and awarded attorney fees. The trial court refused, however, to award attorney fees for a prior trial and appeal in the same matter. Appellant claims the trial court erred by not awarding attorney fees for the prior trial and appeal. We affirm.

## FACTS

In 1976, appellant contracted to buy respondent's grocery store and marine supply business. In July 1979, respondent sued appellant claiming default on a $41,000 promissory note. Respondent alleged the $41,000 note represented unrecorded cash advances made to appellant. Appellant denied any cash advancements had been made claiming the note was a penciled-in copy of a note for business inventory which later had been substituted with a typewritten copy. Appellant claimed respondent fabricated the story about the cash advances in order to fraudulently collect on both notes.

The jury in the first trial returned a verdict in respondent's favor. Appellant moved the trial court for judgment n.o.v. or for a new trial in the alternative, but did not request attorney fees. The trial court denied appellant's motion, and appellant appealed. On appeal, appellant renewed his request for judgment n.o.v. or a new trial without requesting attorney fees.

The Minnesota Supreme Court refused to grant judgment n.o.v. but did order a new trial. *See Lamb v. Jordan,* 333 N.W.2d 852 (Minn.1983). In ordering the new trial, the supreme court found "disturbing signs that the story was fabricated." *Id.* at 856.

The matter was retried in March 1983. This time a jury returned a verdict in favor of appellant. They found respondent had not made any cash advances to appellant. In a post-trial motion, appellant requested attorney fees for respondent's bad faith in asserting a fraudulent claim. Appellant requested attorney fees and costs for the *entire* period this matter was pending, including the prior trial and appeal. The trial court found the litigation was fraudulent and awarded attorney fees and costs for the second trial only.

The trial court held it did not have the power to award attorney fees incurred before the supreme court issued its opinion

on the first appeal on May 6, 1983. The trial court also based its decision on appellant's failure to request attorney fees in the prior appeal.

## ISSUES

1. Did the trial court err by failing to award attorney fees and costs incurred in a prior trial and appeal?

2. Did the trial court have the power to award attorney fees and costs incurred in the prior trial and appeal?

## ANALYSIS

Appellant asserts he is entitled to all attorney fees and costs incurred since the inception of this fraudulent litigation under common law and Minn.Stat. § 549.21 (1982). Section 549.21 codified the common law. *See National Recruiters Inc. v. Toro Company,* 343 N.W.2d 704, 709 (Minn.Ct. App.1984). Consequently, the issue raised by appellant is one of statutory construction. Minn.Stat. § 549.21 (1982) states:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. To qualify for an award under this section, a party shall give timely notice of intent to claim an award.

*Id.*

The trial court relied primarily on appellant's failure to request attorney fees at the earlier trial and appeal in denying appellant's request for attorney fees and costs in those matters. Appellant, on the other hand, claims a request for attorney fees and costs need not be made until "the successful completion of the litigation."

"The award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court." *National Recruiters,* 343 N.W.2d at 709; *see Blattner v. Forster,* 322 N.W.2d 319 (Minn. 1982). The trial court's finding that appellant did not make a timely request for attorney fees and costs is not erroneous. Appellant had opportunity to request attorney fees before the completion of the second trial. The request could have been made to the first trial court with the motion for judgment n.o.v. and could also have been raised in the appeal to the Minnesota Supreme Court. Our supreme court closely scrutinizes requests for legal fees.

> [T]his court is committed to the policy that courts should follow a conservative policy in awarding attorney's fees.

*Borchert v. Borchert,* 279 Minn. 16, 21, 154 N.W.2d 902, 906 (1967). We believe this policy can best be effectuated by upholding this trial court's award. Under the circumstances of this matter, appellant's request for attorney fees and costs incurred in the first trial and appeal was untimely.

We do not determine whether the trial court had the power to award attorney fees and costs for the first trial and appeal. Our resolution of the first issue is dispositive.

## DECISION

Appellant's request for attorney fees and costs incurred in a prior trial and appeal was untimely. The trial court's partial award of attorney fees and costs was not error.

Affirmed.