**William E. JORDAN, Appellant,**

v.

**Horace A. LAMB, Respondent.**

**No. C1–86–425.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 29, 1986.

Donald C. Erickson, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for appellant.

Richard W. Johnson, Grand Marais, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK, and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

William Jordan appeals from the entry of summary judgment against him in his action for malicious prosecution. We affirm in part and reverse in part.

## FACTS

The background to the present lawsuit is adequately stated in the prior case *Lamb v. Jordan*, 333 N.W.2d 852 (Minn.1983), and as continued in *Lamb v. Jordan*, 363 N.W.2d 351 (Minn.Ct.App.1985).

After conclusion of that case, Jordan brought this lawsuit for malicious prosecution against Horace Lamb to recover all uncompensated costs and fees and compensatory and punitive damages. The trial court granted summary judgment in favor of Lamb, stating:

This matter has been litigated, relitigated, appealed and reappealed. Jordan has been awarded his costs and attorney's fees, and these have run the gauntlet of litigation. The court feels the present litigation is duplicitous and the time has come to put the matter at rest. It reminds one of the married couple that loves to fight so much they can't get a

divorce. This matter should be laid to rest. The court feels that Jordan has won his case and received his judgment, and no further rehash is necessary.

## ISSUES

1. Did the trial court err in granting summary judgment in favor of Lamb?

2. Is Jordan entitled to summary judgment on the issue of liability?

## ANALYSIS [1]

Lamb first contends that the trial court can be affirmed based on res judicata. Lamb argues that, because Jordan either litigated or could have litigated his malicious prosecution claim in the prior litigation, therefore, he cannot now relitigate the issue.

Following the second jury trial which resulted in a verdict in his favor, Jordan made a post-trial motion for attorney's fees under Minn.Stat. § 549.21 (1982). Jordan based his claim on Lamb's bad faith in asserting a fraudulent claim, and requested fees for the first trial which was set aside and for the second trial in which he was vindicated. The trial court awarded fees and costs for the second trial only, and this court affirmed. *Lamb*, 363 N.W.2d at 352. Lamb contends that Jordan's motion for fees under section 549.21 constitutes litigation of the malicious prosecution claim.

■ Lamb's contention fails for two reasons. First, a motion under section 549.21 is not the litigation of a cause of action. Second, a claim for malicious prosecution could not have been litigated in the prior action. An essential element of a malicious prosecution claim is the ultimate termination of a prior suit in favor of the defendant. *First National Bank v. Marquette National Bank*, 482 F.Supp. 514, 523 (D.Minn.1979). Because a suit for malicious prosecution cannot be maintained until the termination of the prior litigation, it is obvious that Jordan's malicious prose-

1. Initially, we note that "on appeal from a judgment [the appellate courts] may review any order involving the merits or affecting the judgment." Minn.R.Civ.App.P. 103.04.

cution claim could not have been litigated at anytime during the prior action.

 Lamb also contends that a partial satisfaction signed by the parties in the prior action releases him in this action. The satisfaction reserved only the issue of additional attorney's fees for the first jury trial, which issue Jordan had appealed to this court. Lamb contends that, because the release satisfied all other claims previously asserted by Jordan such as "fraudulent litigation by his opponent," therefore, that satisfaction bars Jordan's present claim.

Again, we do not agree. That satisfaction related only to the prior litigation and has no effect in this separate action for malicious prosecution. The present claim was not raised during the prior litigation and, therefore, the satisfaction could not have addressed it.

While we may agree with the thoughts expressed by the trial court in its memo, those are insufficient reasons for eliminating a party's right to present his case.

2. Jordan contends that summary judgment is appropriate on the issue of liability in his malicious prosecution claim.

The elements of a malicious prosecution claim are:

(1) the suit must be brought without probable cause and with no reasonable ground on which to base a belief that the plaintiff would ultimately prevail on the merits; (2) the suit must be instituted and prosecuted with malicious intent; and (3) the suit must ultimately terminate in favor of the defendant.

*Id.* at 522-23. Jordan claims that Lamb is collaterally estopped from denying liability because in the prior case the trial court stated in a memorandum that the action was "fraudulent at its inception."

 Two of the four prerequisites for the use of collateral estoppel are that the issues are identical and that the party against whom it is being used had a full and fair opportunity to litigate the issue. *Ellis v. Minneapolis Commission on Civil Rights,* 319 N.W.2d 702, 704 (Minn.1982). Neither of these elements is met here.

 First, the statement that the prior action was "fraudulent at its inception" is not equivalent to a finding that the suit was "instituted and prosecuted with malicious intent." Second, Lamb did not have a full and fair opportunity to litigate the issues involved in a claim for malicious prosecution. It is one thing to oppose a motion for attorney's fees, and another to oppose the compensatory and punitive damages as requested here by Jordan. Lamb also had no incentive to challenge the exact words used by the trial court in awarding fees, and yet those exact words are now being used against him.

### DECISION

The trial court's denial of summary judgment in favor of Jordan is affirmed. The trial court's entry of summary judgment against Jordan is reversed.

Affirmed in part and reversed in part.