**Stan WILLIAMSON d/b/a The Vacuum Doctor, Appellant.**

v.

**Mark GUENTZEL, Respondent,**

**Scott Fetzer Company, Respondent.**

No. C2–97–2342.

Court of Appeals of Minnesota.

Sept. 29, 1998.

Review Denied Nov. 24, 1998.

Paul A. Sortland, Sortland Law Office, Minneapolis, for appellant.

Thomas A. Gilligan, Jr., Murnane, Conlin, White, & Brandt, P.A., St. Paul, for respondent Guentzel.

Mark G. Shroeder, Briggs & Morgan, P.A., St. Paul; and David A. Kutik, Jones, Day, Reavis, & Pogue, Cleveland, for respondent Fetzer.

Considered and decided by HARTEN, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Stan Williamson challenges the trial court's summary judgment that dismisses his malicious prosecution action. The court held that appellant was collaterally estopped from relitigating the issue of whether respondent Scott Fetzer Company had a reasonable basis for filing an earlier suit against him in federal district court. Because the federal trial court made specific findings that the original suit was neither groundless nor unreasonable, we affirm the summary judgment.

## FACTS

In 1993 respondent Fetzer, which manufacturers vacuum cleaners through its Kirby Company Division, filed a trademark and unfair business practices suit in federal district court against appellant, claiming wrongdoing in the sale of Kirby brand vacuum cleaners. The suit was based in part on information obtained from respondent Mark Guentzel, an independent retailer of Kirby vacuums. Appellant asserted counterclaims and the case was resolved in his favor with permanent injunctive relief denied to Fetzer and appellant awarded $90,000 in damages.[1] Appellant then moved post-trial for attorney fees from Fetzer.

Under the federal Lanham Act, attorney fees may be granted in "exceptional cases." 15 U.S.C. § 1117(a) (1995). Exceptional circumstances include those in which a plaintiff filed a case under the act that was "groundless, unreasonable, vexatious, or was pursued in bad faith." *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 123 (8th Cir.1987) (citation omitted). The federal court denied Williamson's motion for fees and specifically found that Fetzer's assertions, stated in its complaint and subsequent motions, "could not be said to be groundless or unreasonable."

Appellant subsequently initiated the instant action for malicious prosecution in state district court, suing both Fetzer and Guentzel. Guentzel was not a party to the earlier federal suit. Noting that the federal court had determined Fetzer's suit was neither groundless nor unreasonable, the trial court determined that appellant was collaterally estopped from relitigating the reasonableness of Fetzer's earlier suit, an essential element in the tort of malicious prosecution. The court concluded that the reasonableness of Fetzer's conduct was common to both the motion for attorney fees and the malicious prosecution action and that Williamson had a full and fair opportunity to be heard on that issue when the federal court considered his motion for attorney fees. The court also concluded that the federal court had implicitly found that Fetzer "lacked malicious intent" in initiating the suit but found the record unclear as to whether appellant had appropriate opportunity to explore that issue in the federal proceeding.

## ISSUES

1. Did the trial court properly apply the principle of collateral estoppel in dismissing appellant's suit against respondent Fetzer?

2. Did the trial court, which did not explain the reason for its decision, properly dismiss the suit against respondent Guentzel, who was not a party to the underlying federal action?

## ANALYSIS

### 1.

■ We must affirm a summary judgment if appellant raised no genuine issues of material fact and the trial court did not err in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). As to the judgment favoring respondent Fetzer, the only issue on this appeal is whether the trial court properly determined as a matter of law that appellant was collaterally estopped from asserting his malicious prosecution claim.

---

1. The facts involving the underlying federal suit are explicated in greater detail in *Scott Fetzer Co.*

*v. Williamson,* 101 F.3d 549 (8th Cir.1996).

■ To establish malicious prosecution, the claimant must show that the underlying suit was brought without probable cause and with no reasonable ground on which to base a belief that the plaintiff would prevail on the merits; the underlying suit was instituted and prosecuted with malicious intent; and the underlying suit terminated in favor of the malicious prosecution plaintiff. *Jordan v. Lamb*, 392 N.W.2d 607, 609 (Minn.App.1986), *review denied* (Minn. Oct. 29, 1986).

In determining appellant's motion for attorney fees, the federal district court held that the underlying case was not an exceptional one because Fetzer's suit was not unreasonable. *See Hartman*, 833 F.2d at 123 (defining exceptional cases where fees may be granted under the Lanham Act). The federal court found that Fetzer's "arguments * * * could not be said to be groundless or unreasonable" and "were not so * * * driven by improper motives as to merit the conclusion that this case is exceptional." The federal court also found, in ruling on appellant's motion for attorney fees under the Minnesota Consumer Fraud Act, pursuant to Minn.Stat. § 8.31, subd 3a (1994), that Fetzer's actions in filing the underlying suit "were not so willful or malicious as to justify an award of fees." The Eighth Circuit Court of Appeals affirmed the federal district court's determination that the Fetzer suit was not exceptional, observing that there was evidence on record to support the claims. *Scott Fetzer v. Williamson*, 101 F.3d 549, 555 (8th Cir.1996).

■ The principle of collateral estoppel (or issue preclusion) prevents the relitigation of an issue identical to one actually litigated in a previous action. *Brown v. State Auto. & Cas. Underwriters*, 293 N.W.2d 822, 825 (Minn.1980). The four requirements for application of collateral estoppel are: (1) the issues in the prior and present adjudications are identical; (2) there has been a final adjudication on the merits; (3) the estopped party was a party or was in privity with a party to the prior adjudication; and (4) the estopped party has been given a full and fair opportunity to be heard on the adjudicated issue. *Haavisto v. Perpich*, 520 N.W.2d 727, 731 (Minn.1994). The second and third requirements of collateral estoppel are undis-

puted met in this case; thus, the remaining items in controversy concern the identity of the issue (reasonableness or probable cause) in this and the federal action for attorney fees and whether Williams had a full and fair opportunity to be heard on that issue in his motion for attorney fees.

The trial court determined that because the reasonableness of Fetzer's suit was an element in both the federal motion for attorney fees and the instant malicious prosecution action, the first requirement for application of collateral estoppel, identity of the issues, was satisfied. Further, the court determined that because appellant argued the reasonableness of Fetzer's conduct to the federal trial court and on appeal to the circuit court, he had a full and fair opportunity to be heard on that issue, satisfying the fourth requirement for application of the doctrine.

Appellant argues that the issues in this and the federal action are not identical because the grant of attorney fees under the Lanham Act requires a finding that a case is "exceptional." However, as the state and federal trial courts both noted, federal caselaw explicitly includes within the definition of an exceptional case one filed without reasonable cause to believe it was meritorious. *See Hartman*, 833 F.2d at 123. In truth, appellant takes little issue with the element of identical issues. He concedes that the federal trial court, in denying appellant's motion for attorney fees, specifically found that Fetzer had not acted unreasonably in filing suit against him. And appellant acknowledges that a search for reasonableness is at the core of the first element for a malicious prosecution claim, the determination of whether a prior suit was either "with no reasonable ground" or whether it was "without probable cause." The federal court finding addresses the identical issue that is raised in the present claim of malicious prosecution.

■ Appellant's central contention, that he did not have a full and fair opportunity to litigate the reasonableness of Fetzer's conduct, is based on three points. First, he notes that motions for attorney fees are hurriedly presented. But collateral estoppel

claims are not determined by measuring the manner in which each party conducted litigation, but rather according to the opportunity to address an issue. Second, appellant claims that decisions on a motion for fees are determined as an exercise of the court's discretion; whereas, malicious prosecution actions are weighed according to the preponderance of the evidence standard common to all civil actions. But in this instance, as in many others, the exercise of discretion is based on underlying findings of fact; the cause for application of collateral estoppel in this case rests heavily on the specific observations of the federal trial court. Moreover, we discern little appreciable difference between the deference accorded to a trial court's exercise of discretion and its findings of fact. Finally, appellant asserts that because the reasonableness issue was decided in federal court on a record devoid of certain evidence that the federal district judge refused to receive and which might have been received in the state court proceeding, he was denied a full opportunity to be heard. Appellant cites no authority for this argument and we find no merit in the notion that the courts should examine the opportunity to be heard by speculating on what evidentiary decisions might be made in separate litigation on the same issue.

Appellant cites two federal cases for the proposition that he is not estopped from relitigating Fetzer's behavior by the denial of his motion for fees. He finds support in *United States Aluminum Corp./Tex. v. Alumax, Inc.,* 831 F.2d 878 (9th Cir.1987) for the proposition that different burdens of proof on the issue of malice control a motion for attorney fees under the Lanham Act and a state action for malicious prosecution. But *United States Aluminum,* which involved California's malicious prosecution law, concerned only a finding about malice (bad faith), whereas in this case the federal district court found the lack of unreasonableness by Fetzer as well as its lack of malice in denying attorney fees to appellant. *United States Aluminum* is inapposite to the case we are reviewing.

Appellant cites *Penney v. Town of Middleton,* 917 F.Supp. 87 (D.N.H.1995), as holding that the denial of a motion for attorney fees in a federal case does not have preclusive effect in a subsequent state malicious prosecution action. In *Penney* the federal court refused to give the state court's denial of attorney fees preclusive effect as a result of the state court's failure to make specific findings on the issue. Here, as the trial court observed, the federal district court specifically found that Fetzer had not acted unreasonably or maliciously in filing suit against appellant. Thus, because the trial court pointedly relied on federal trial court findings of fact, *Penney* actually supports its summary judgment for Fetzer in this case.

The federal district court's denial of attorney fees should be given preclusive effect on the issue of reasonableness; all four elements of collateral estoppel have been met and the trial court correctly granted summary judgment to Fetzer.

**2.**

■ Appellant also disputes the dismissal of a second defendant, respondent Guentzel, because the trial court stated no grounds for its ruling with respect to this party. Minn. R. Civ. P. 56 does not require a court to make specific findings to justify its conclusion that summary judgment is warranted. Indeed, the cases cited by appellant in this regard confirm that written findings are not required when a trial court is ruling upon motions. *See Bettes v. Fuel–Scott,* 415 N.W.2d 409, 411 (Minn.App.1987) (noting that rulings upon motions do not require written findings).

■ Appellant also contends that summary judgment was improperly granted to Guentzel because he was liable for procuring Fetzer's initiation of the underlying lawsuit against appellant. As support for this proposition, appellant cites Restatement (Second) of Torts § 674 (1965) (one who "takes an active part in the initiation, continuation, or procurement" of civil suit against another liable if suit was wrongful).

■ Restatements of the law are persuasive authority only and are not binding unless specifically adopted in Minnesota by statute or case law. *See Mahowald v. Minnesota Gas Co.,* 344 N.W.2d 856, 860

(Minn.1984) (adopting a portion of the Restatement (Second) of Torts, but rejecting other sections). Appellant has failed to cite any authority demonstrating that Minnesota has adopted section 674 of the Restatement. Because the propositions of section 674 would not establish a claim against respondent Guentzel, we need not decide whether the section governs Minnesota law.

Liability for procurement under the Restatement is not established by merely advising parties or supplying information, but only arises when a party induces a third party to take action either by "insisting" or "urging" that a suit be filed or continued. *Id.* cmt. c (incorporating Restatement § 655 cmt. c (1965), which specifies that liability is not imposed on one who testifies voluntarily in the prosecution of an action, but is limited to those who insist or urge initiation or continuation of lawsuit). Appellant has submitted no evidence that Guentzel either insisted on or urged the pursuit of Fetzer's federal court suit. He argues that Guentzel is liable for supplying information to Fetzer, which formed part of its federal suit. That allegation does not meet the Restatement's standards for liability.

## DECISION

The trial court properly dismissed appellant's suit against both respondents.

**Affirmed.**