Kenneth L. KELLAR, et al., Appellants,

v.

John E. VON HOLTUM,
et al., Respondents,

Grand Marais State Bank,
et al., Respondents.

No. CX–98–283.

Court of Appeals of Minnesota.

Sept. 15, 1998.

Richard A. Saliterman, Floyd E. Siefferman, Jr., Minneapolis, for appellants.

Thomas R. Thibodeau, Jerome D. Feriancek, Duluth, for respondents Grand Marais State Bank, et al.

Gregory J. Bien, pro hac vice, Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., Topeka, KS; and Michael Berens, Kelly & Berens, P.A., Minneapolis, for respondents John Von Holtum, et al.

Considered and decided by
SCHUMACHER, P.J., RANDALL and
KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

Appellants challenge the district court's judgment awarding respondents attorney fees under Minn. R. Civ. P. 11 and Minn.Stat. § 549.21 (1996)[1] and awarding costs and disbursements to respondents. Respondents have brought separate motions to strike portions of appellants' brief. We affirm in part, reverse in part, and remand, and we deny respondents' motions.

## FACTS

Appellants, Kenneth Kellar, et al., who applied for and were granted a bank charter to open a bank in Grand Marais, Minnesota, brought suit against John Von Holtum, et al. (individual respondents) and Grand Marais State Bank, et al. (corporate respondents), alleging discrimination and unfair competition, restraint of trade, defamation, and abuse of process/malicious prosecution. In January 1996, the district court granted respondents' motion for judgment on the pleadings as to the claims for discrimination and unfair competition and restraint of trade. The district court denied this motion as to the other claims. In June 1996, the district court ordered dismissal of appellants' defamation claims as a discovery sanction. Finally, the district court granted summary judgment to respondents on the claim for

---

1. Minn.Stat. § 549.21 was repealed in 1997 and replaced with Minn.Stat. § 549.211 (1997). 1997 Minn. Laws ch. 213, art. 1, § 1. Section 549.21 applies to causes of action arising before 1997. *Cole v. Star Tribune*, 581 N.W.2d 364, 370 (Minn.App.1998). We note that this action was commenced in the district court prior to August 1, 1997.

abuse of process/malicious prosecution. Appellants appealed from the dismissal of all claims, this court affirmed, and the supreme court denied further review. *Kellar v. Von-Holtum,* 568 N.W.2d 186 (Minn.App.1997), *review denied* (Minn. Oct. 31, 1997).

After this court's affirmance, respondents moved the district court for attorney fees pursuant to rule 11 and Minn.Stat. § 549.21 (1996), and the district court awarded them $75,000. Respondents also moved for statutory costs and disbursements, and the district court awarded them costs and disbursements totaling $14,386.30. Appellants now appeal from these awards. Respondents' motions to strike portions of appellants' brief have been deferred to this panel.

## ISSUES

1. Did the district court err in exercising jurisdiction over motions for attorney fees filed after this court affirmed the district court's dismissal of the underlying action and the supreme court denied further review?

2. Did the district court err in awarding costs and disbursements related to district court proceedings after this court affirmed the district court's dismissal of the underlying action and the supreme court denied further review?

3. Did the district court err in awarding costs and disbursements related to the appeal on the merits?

4. Did the district court abuse its discretion by awarding certain disbursements?

## ANALYSIS

**Attorney Fees**

■ Jurisdiction is a legal question, and this court need not defer to the district court's legal conclusions. *Vegemast v. DuBois,* 498 N.W.2d 763, 764 (Minn.App.1993). When an appeal is perfected, all further proceedings in the district court regarding "the judgment or order appealed from or the matter embraced in it" are stayed. Minn. R. Civ.App. P. 108.03. The district court may, however, "proceed upon any other matter included in the action and not affected by the judgment or order from which the appeal is taken." *Id.*

> "Pending a duly executed appeal, the jurisdiction of a trial court is *suspended* only to those matters necessarily involved in the appeal, not as to those matters which are independent of, or which are supplemental to, the appeal or collateral to the proceeding in which the appealed order or judgment was rendered."

*Spaeth v. City of Plymouth,* 344 N.W.2d 815, 824 (Minn.1984) (quoting *State v. Barnes,* 249 Minn. 301, 302–03, 81 N.W.2d 864, 866 (1957)). Attorney fees awarded under Minn. Stat. § 549.21 (1996) and Minn. R. Civ. P. 11 are "independent of the merits of the litigation." *Radloff v. First Am. Nat'l Bank,* 470 N.W.2d 154, 156 (Minn.App.1991), *review denied* (Minn. July 24, 1991).

Appellants concede that attorney fees are collateral to the merits of the case, but argue that the district court did not have jurisdiction to award sanctions under Minn.Stat. § 549.21 and Minn. R. Civ. P. 11 because respondents sought such sanctions after the appeals process had been completed. Appellants assert that the district court's jurisdiction to award sanctions continued only while the appeal on the merits was pending.

There is no Minnesota caselaw directly on point. As appellants note, in both *Spaeth* and *Radloff,* the parties moved for attorney fees prior to completion of the appeal. Here, respondents moved for attorney fees pursuant to Minn. R. Civ. P. 11 and Minn.Stat. § 549.21 in November 1997. Their motions were filed after this court affirmed the district court's dismissal on August 26, 1997, and the supreme court denied review on October 31, 1997. The district court awarded fees on January 29, 1998.

Appellants insist that *Lamb v. Jordan,* 363 N.W.2d 351 (Minn.App.1985), is a factually similar case. There, after a trial and an appeal, the supreme court ordered a new trial. *Id.* at 352. After completion of the second trial, Jordan requested attorney fees for both trials and the appeal in a posttrial motion. *Id.* The district court awarded attorney fees and costs only for the second trial, after determining that it did not have

the power to award fees incurred prior to the supreme court's decision and noting that Jordan had not requested attorney fees in the prior appeal. *Id.* at 352–53. In affirming, this court concluded that the district court did not abuse its discretion by determining that the request for attorney fees was untimely. *Id.* at 353. This court declined to rule, however, on whether the district court had the power to award attorney fees and costs for the first trial and appeal. *Id.*

In *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 791 (7th Cir.1983), the defendant filed a motion for attorney fees after the Seventh Circuit affirmed the district court's dismissal on the merits. The district court awarded these fees, agreeing that the plaintiff's pursuit of the case constituted "unreasonable and vexatious multiplication of the proceedings." *Id.* The Seventh Circuit vacated the award after determining that because the defendant did not file a motion for fees while the appeal on the merits was pending, the district court did not reserve jurisdiction, and jurisdiction was not reserved by statute, defendant's motion was untimely and the district court lacked jurisdiction to decide the motion. *Id.* at 793–94; *see also Duane Smelser Roofing Co. v. Armm Consultants, Inc.*, 609 F.Supp. 823, 824 (E.D.Mich.1985) (relying on *Overnite* in denying motion for sanctions after conclusion of appeal). *But see Hicks v. Southern Md. Health Sys. Agency*, 805 F.2d 1165, 1167 (4th Cir.1986) (rejecting the Seventh Circuit's decision in *Overnite* and concluding that, in absence of local rule, district court has jurisdiction to consider and grant motion for fees after conclusion of appellate proceedings).

■ We adopt the rationale in *Overnite* and conclude that the district court, on these facts, did not have jurisdiction to consider a motion for bad-faith attorney fees pursuant to rule 11 and Minn.Stat. § 549.21 after the entire appeals process had been completed.[2] Unlike in *Radloff* and *Spaeth*, where "any

appeal of the fees could be consolidated with the then pending appeal of the merits of the action," the policy of efficiency was not served here. *Radloff*, 470 N.W.2d at 156. The recognized "policy against piecemeal appeals" is best served by the application of the *Overnite* rationale. *Spaeth*, 344 N.W.2d at 825 We note that our decision is in accord with the supreme court's recent decision in *Marzitelli v. City of Little Canada*, 582 N.W.2d 904 (Minn. 1998). There the supreme court held that the district court lacked jurisdiction to rule on pending motions, even though the motions were timely and proper, once the time to appeal the decision on the merits expired. *Id.* at 906–07; *cf. Hoyt Inv. Co. v. Bloomington Commerce & Trade Ctr. Assocs.*, 418 N.W.2d 173, 176 (Minn.1988) (holding once court of appeals decision becomes "final" by virtue of denial of petition for further review, district court must enter judgment in accord with this court's decision and cannot entertain alternative theories or arguments unless those issues have been remanded by this court). Similarly, here, once the judgment of dismissal became final by reason of the affirmance on appeal and the subsequent exhaustion of appellate remedies, the district court lacked jurisdiction to modify its judgment by awarding fees.

## II. Costs and Disbursements

Appellants also assert that respondents' motion for costs and disbursements was untimely, the district court did not have jurisdiction to award costs and disbursements for the appeal, and the district court erred in the type of disbursements permitted.

### A. Timeliness

■ Similar to attorney fees, an award of costs and disbursements is collateral to a judgment on the merits. *Seiberlich v. Burlington N. R.R.*, 447 N.W.2d 896, 899 (Minn. App.1989), *review denied* (Minn. Jan. 12,

---

2. Appellants also assert (a) respondents improperly moved for attorney fees under Minn.Stat. § 549.21 (1996) rather than under Minn.Stat. § 549.211 (Supp.1997); (b) the district court erred in awarding attorney fees incurred on appeal; (c) res judicata barred respondents' motion for attorney fees; and (d) even if the district court properly considered the motion for fees, it abused its discretion in awarding these fees. Our conclusion that the district court lacked jurisdiction to award respondents fees after the appeals process had been completed is dispositive, and we decline to address these issues.

1990). But the award of statutory costs and disbursements is distinctly different from the award of bad-faith attorney fees. Completion of the appellate process had no effect on the district court's authority to award costs and disbursements relating to the trial in that court. Unlike bad-faith attorney fees awarded under rule 11 or Minn.Stat. § 549.21, statutory costs and disbursements "are reimbursement of the expense of litigating the claim." *Lienhard v. State*, 431 N.W.2d 861, 864 (Minn.1988) (citations omitted). Simply put, costs and disbursements are awarded to the prevailing party. The taxing of statutory costs and disbursements is an administrative function carried out by the court administrator. *See* Minn. R. Civ. P. 54.04 (providing costs and disbursements may be taxed by court administrator). On the other hand, the determination of whether to award bad-faith fees is discretionary and such an award does not follow automatically or necessarily from a victory on the merits. On the facts and the procedural posture of this case, we conclude that the district court did not err in awarding costs and disbursements after the appeal on the merits was resolved.

## B. Costs Incurred on Appeal

■ Appellants assert that the district court did not have jurisdiction to award costs and disbursements incurred by respondents on appeal. Corporate respondents concede that this is so and agree that they erred in requesting the district court to consider their costs related to the appeal. Thus, they agree that the district court erred in awarding them statutory costs pursuant to Minn.Stat. § 549.02, subd. 2 (1996). On the other hand, the individual respondents do not concede this issue.

■ In some cases, the Minnesota Supreme Court has allowed the district courts to determine and award costs on remand, including costs incurred on appeal, but this has been by express direction. *See Federat-*

ed Mut. Ins. Co. v. Concrete Units, Inc., 363 N.W.2d 751, 757 (Minn.1985) (directing district court to determine and award reasonable attorney fees and costs for defendant, including those incurred on appeal). In this case, there was no such remand or direction by an appellate court. Absent a remand and specific direction from an appellate court, a district court lacks jurisdiction to award costs related to the appellate process. Thus, the district court erred in awarding the corporate and individual respondents statutory costs under Minn.Stat. § 549.02, subd. 2. We reverse that portion of the award.

Similarly, although the district court had jurisdiction under Minn.Stat. § 549.04 (1996) to award disbursements for expenses incurred during the district court proceedings, the district court did not have jurisdiction to evaluate respondents' claimed expenses for appeal.[3] We remand for exclusion of disbursements attributable to the appeal on the merits and direct that the amount of the judgment be reduced correspondingly.

## C. Abuse of Discretion

■ An award of costs and disbursements is reviewed under an abuse of discretion standard. *Benson v. Northwest Airlines, Inc.*, 561 N.W.2d 530, 541 (Minn.App. 1997), *review denied* (Minn. June 11, 1997). As the supreme court has noted, "The [district court] judge is familiar with the needs of the case, its importance and the strategies involved." *Romain v. Pebble Creek Partners*, 310 N.W.2d 118, 124 (Minn.1981).

Appellants argue that the district court abused its discretion by awarding travel expenses for out-of-state counsel and photocopying expenses. The district court had discretion to determine that travel expenses were necessary. Claimed copying expenses are related to an administrative hearing on the bank charter grant and are related to appellants' claims of defamation. Transcript expenses for a 1996 hearing also relate to the bank charter hearing. The district court did

---

3. Because respondents prevailed in their appeal on the merits, they would have been entitled to costs and disbursements for the appeal if they had filed for such costs from this court within 15 days after the decision filing. *See* Minn. R. Civ. App. P. 139.03 ("Failure to tax costs and disbursements within 15 days after the filing of the decision or order shall constitute a waiver of taxation."). They did not do so in this case.

not abuse its discretion in awarding photocopying expenses.

Finally, appellants argue that they should not have been charged for 15 subpoenas. As corporate respondents note, only five of the subpoenas were used. Respondents' decision not to take all depositions for which subpoenas were obtained was a judgment call, but there is no indication that the expense was unnecessary when incurred. We cannot characterize the district court's allowance of the entire amount as a reversible abuse of discretion.

**Motions to Strike**

Individual and corporate respondents moved to strike portions of appellants' brief related to: (a) the applicability of Minn.Stat. § 549.211; (b) whether respondents were improperly awarded attorney fees and costs incurred on appeal; and (c) whether appellants were inappropriately assessed statutory costs. Respondents assert that these issues were not raised at the district court level. Because we have declined to rule on the applicability of Minn.Stat. § 549.211 and on whether the district court erred in awarding attorney fees incurred in the appeal on the merits, we deny respondents' motions as to those issues. We also deny respondents' motions to strike the portions of appellants' brief related to whether the district court improperly awarded disbursements and statutory costs incurred on appeal. This issue is a subject matter jurisdiction issue, which can be raised at any time. *See Page v. Carlson,* 488 N.W.2d 274, 277 n. 3 (Minn.1992) ("[S]ubject matter jurisdiction may be challenged at any time.").

## DECISION

We reverse the district court's award of bad-faith attorney fees. On these facts, the district court lacked authority to award fees under Minn.Stat. § 549.21 and Minn. R. Civ. P. 11 after the appellate process was completed because the issue was not reserved and the case was not remanded. The district court had authority to award statutory costs and disbursements for proceedings in the district court, and we affirm that part of the district court's award. We reverse the award of statutory costs for appeal and remand for an exclusion of disbursements related to the appeal on the merits. Respondents' motions to strike are denied.

**Affirmed in part, reversed in part, and remanded; motions to strike denied.**