Terry Lee DOUGLAS, d/b/a Terry
Lee Realty, Appellant,

v.

Dennis SCHUETTE, et
al., Respondents.

No. C2–99–1387.

Court of Appeals of Minnesota.

Feb. 29, 2000.

Review Denied May 16, 2000.

Frank T. Mabley, Roseville, for appellant.

Jonathan Neal Jasper, Anoka, and James J. Kretsch, Richfield, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, DAVIES, Judge, and FOLEY*, Judge.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant brought an action claiming a real estate commission with respect to the sale of certain property sold by respondents. The trial court granted summary judgment to respondents and imposed sanctions against appellant. We affirm.

## FACTS

The parties stipulated to the facts. On December 9, 1989, appellant Terry Lee Douglas, a real estate agent, and respondents Dennis and Lucille Schuette entered into a listing agreement for the sale of 420 acres of land in Sherburne County owned by respondents. The listing agreement stated various conditions under which appellant would be entitled to a commission. Pursuant to the listing agreement, appellant provided respondents with a buyer, Beverly A. Aubol. On April 29, 1990, Aubol signed a purchase agreement providing

that the closing would occur on September 15, 1990.

On June 30, 1990, appellant's real estate license expired. This fact is not challenged. Shortly thereafter, on July 9, the listing agreement between the parties expired. The listing agreement was not renewed and appellant did not provide respondents with a list of protected persons as required under the listing agreement, in order for him to earn his commission if there was a sale to a prospect he found. On October 11, respondents entered into a listing agreement with Realty World Design.

In late spring 1990, Aubol, who planned to purchase the property in order to develop it with appellant, began to question appellant's business practices. On October 30, she notified respondents that she was no longer willing to buy the land and cancelled the purchase agreement.

When Aubol learned that respondents' listing agreement with appellant had expired and that they had listed the property with another real estate agent, she notified respondents on November 11, 1990, that she again wished to purchase the property. The parties signed a second purchase agreement, which was amended and revised on December 13. On April 18, 1991, the sale of the property closed under the second purchase agreement.

On August 2, 1995, appellant filed suit against respondents demanding a commission. On March 10, 1998, respondents moved for summary judgment, which the district court granted on June 18, 1998. On January 22, 1999, respondents also moved for sanctions against appellant, which the district court awarded in the amount of $18,500.

## ISSUES

1. Did the district court err in granting summary judgment for respondents?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

2. Did the district court abuse its discretion in imposing sanctions on appellant?

## ANALYSIS

### I. Summary Judgment

"On appeal from summary judgment, we must examine two questions, whether there are any genuine issues of material fact and whether the lower courts erred in their application of the law." *Cummings v. Koehnen,* 568 N.W.2d 418, 420 (Minn. 1997) (citation omitted). "A reviewing court must view the evidence in the light most favorable to the party against whom summary judgment was granted." *Vetter v. Security Continental Ins. Co.,* 567 N.W.2d 516, 520 (Minn.1997) (citation omitted).

*Failure to Meet Terms in Contract*

The district court concluded that there was no issue of material fact because the circumstances in the listing agreement that would have entitled appellant to receive a commission did not occur. We agree. The listing agreement provides that appellant is entitled to a commission

upon the happening of any of the following events: (1) the closing of the sale, (2) [seller's] refusal to close the sale, or (3) [seller's] refusal to sell at the price and terms required in this contract.

Appellant is also entitled to a commission if respondents sell the property to a person (1) who during the listing agreement showed an interest in the property or was shown the property by appellant and (2) *whose name was on a protective list provided by appellant* within 72 hours after the end of the listing agreement.

■ Under the listing agreement, appellant was entitled to a commission if a closing occurred. Appellant admitted, however, that there was never a closing under the first purchase agreement. Under the stipulated facts, the first purchase agreement was cancelled on October 30, 1990. While the property was eventually sold to the same buyer on April 18, 1991, (1) that sale was governed by a different purchase agreement, (2) it was arranged with another agent, (3) the listing agreement between the parties had already expired, and (4) appellant's real estate license was no longer in effect.

■ The listing agreement also provided that if the seller refused to close, appellant would be entitled to a commission. Respondents did not refuse to close. Aubol stated in her December 17, 1997, affidavit that "she was no longer willing to purchase the property because [she] was ending [her] association with [appellant]." After learning of Aubol's unwillingness to purchase the property, respondents agreed to cancel the purchase agreement. Because there is no evidence in the record of collusion between respondents and the buyer to cancel the purchase agreement in order to prevent appellant from earning his commission, the district court properly concluded that it was Aubol, not respondents, who refused to close.

■ Appellant could also have earned a commission if respondents had refused to sell the property at the price and terms required under the contract. However, in her affidavit Aubol states that she was not willing to buy the property. Because appellant failed to produce a buyer willing to purchase the property at the price and terms required in the listing contract, appellant cannot rely on this provision to retain a commission.

■ By complying with the override clause of the listing agreement, appellant could have recovered a commission. The override clause stated:

If within 180 days after the end of this contract [respondents] sell or agree to sell the property to anyone who:

(1) During this contract made inquiry of [respondents] about the property and [respondents] did not tell [appellant] about the inquiry; or

(2) During this contract made an alternative showing of interest in the property or was physically shown the property

by [appellant] and whose name is on a written list [appellant gives respondents] within 72 hours after the end of this contract, then [respondents] will pay [appellant a] commission on the selling price, even if [respondents] sell the property without [appellant's] assistance.

The record shows that appellant failed to provide respondents with a list of protected persons. Under Minnesota law,

licensees shall not seek to enforce an override clause unless a protective list has been furnished to the seller within 72 hours after the expiration of the listing agreement.

Minn.Stat. § 82.195, subd. 4 (1998). Because appellant failed to provide a protective list within the statutory period, appellant is precluded from recovering his commission under the override clause.

Appellant claims that the purchase agreement served as a substitute for the protective list. This court has explicitly held that a purchase agreement cannot substitute for a protective list. *Realty House, Inc. v. Grimm*, 460 N.W.2d 917, 919–20 (Minn.App.1990). Appellant seeks to distinguish *Realty House* by arguing that in that case the real estate agent had notice of the cancellation. *Realty House* does not indicate that this distinction had any impact on its decision. Moreover, *Realty House* places the burden on the real estate agent to comply with the statute and provide a protective list. *Id.* at 920. Therefore, whether appellant had notice of the cancellation is irrelevant.

*Commission Owed to Another Real Estate Agent*

■ The listing agreement stated:

I understand that I do not have to pay your commission if I sign another valid listing contract after the expiration of this contract, under which I am obligated to pay a commission to another licensed real estate broker.

The district court concluded that because respondents entered into a listing agreement with another licensed real estate agent after their listing agreement with appellant had expired, appellant is barred from seeking a commission under this provision. We agree.

The listing agreement between the parties expired on July 9, 1990. On October 11, respondents entered into a listing agreement with Realty World Design, wherein they contracted to pay another agent a commission. This fact is supported by appellant's own stipulation, where he states that "[p]ursuant to [respondents'] listing agreement with another realtor, [respondents] were obligated to pay a commission to [Realty World Design] because the property was sold within the listing period." Because respondents were obligated to pay a commission to another real estate agent for the sale of the property, and the contract between appellant and respondents had expired prior to the second agreement, appellant cannot recover a commission for the later sale of the property under a new purchase agreement.

■ Appellant claims that because he procured the buyer who eventually bought the property, he is entitled to a commission. However, this court has held that a real estate agent cannot recover a commission by relying on the procuring-cause doctrine. *See Lynn Beechler Realty Co. v. Warnygora*, 396 N.W.2d 717, 720 (Minn. App.1986). Here, the listing agreement included a provision that relieved respondents of any obligation to pay a commission to the appellant if, after the expiration of the listing agreement with appellant, respondents entered into another listing agreement with a different agent. The district court did not err in its determination that no commission was earned.

*Appellant's Real Estate Agent License*

■ Appellant argues that the district court erred in concluding that he did not have standing to bring suit for his commission because he was not a licensed

real estate agent when the sale between respondents and Aubol was consummated.

> No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts for which a license is required under this chapter without alleging and proving that the person was a duly licensed real estate broker, salesperson, or closing agent at the time the alleged cause of action arose.

Minn.Stat. § 82.33, subd. 1 (1998). "This section is penal in nature and will defeat a claim for commissions if a plaintiff fails to allege and prove that [he or she was] duly licensed." *Ike v. Anderson,* 369 N.W.2d 321, 322 (Minn.App.1985).

On June 30, 1990, appellant's real estate agent license expired. Appellant is thus precluded from asserting any cause of action arising from facts that took place after that date. Appellant had no cause of action until the contract was allegedly breached. Thus, appellant did not have a cause of action until respondents either (1) closed the sale, (2) refused to close the sale, (3) refused to sell at the price and terms required in the contract, or (4) sold to someone to whom appellant had shown the house and who was also on a protective list timely furnished to respondents.

The record proves that respondents never (1) closed under the first purchase agreement, (2) refused to close, or (3) refused to sell the property at the price and terms required under the listing agreement. In addition, appellant failed to provide respondents with a list of protected persons within the statutory period and thus cannot recover under the override clause. Therefore, the only dates on which any cause of action of appellant could have arisen were December 13, 1990, when the second purchase agreement was signed, or April 18, 1991, when the property was eventually sold to Aubol. Because appellant was not a licensed real estate agent on either of these dates, he had no standing to raise a claim.

Appellant argues that so long as he was licensed when he began his services, he can recover a commission. Appellant cites no Minnesota law to support this proposition. *See Schoepke v. Alexander Smith & Sons Carpet Co.,* 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971) ("assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection") (citations omitted).

Appellant also argues that the statute does not preclude his claim because his partner was a licensed real estate agent. The evidence demonstrates that respondents dealt exclusively with appellant, who was not licensed at the time of the sale.

Finally, appellant argues that he is exempt under Minn.Stat. § 82.18(i) (1998), which states:

> Unless a person is licensed or otherwise required to be licensed under this chapter, the term real estate broker does not include:
>
> \* \* \*
>
> (i) any person who acquires real estate for the purpose of engaging in and does engage in, or who is engaged in the business of constructing residential, commercial or industrial buildings for the purpose of resale if no more than 25 such transactions occur in any 12–month period and the person complies with section 82.24.

Appellant claims that he qualifies under this exemption because he was engaged in the business of constructing residential homes when he secured the purchase agreement between respondents and Aubol. But there is no evidence in the record that appellant had fewer than 25 such transactions in any 12–month period. Appellant did not establish that he was exempt from licensing requirements.

Appellant has failed to show that he (1) was owed a commission under the terms of

the listing agreement, (2) was licensed when a cause of action, if any, arose, and (3) is exempt from the license requirement. Therefore, the district court properly granted summary judgment to respondents.

## II. Sanctions

Based on respondents' motion for sanctions under Minn.Stat. § 549.21 (1996) and Minn. R. Civ. P. 11, the district court awarded respondents over $18,000. Appellant challenges the award. We initially note that it was in 1999 when the district court cited Minn.Stat. § 549.21 to support its award, despite the fact that that Minn.Stat. § 549.21 was repealed in 1997. *See* 1997 Minn. Laws ch. 213, art. 2, § 6 (repealing Minn.Stat. § 549.21 (1996)). The 1997 amendments replaced Minn.Stat. § 549.21 with a provision having a similar purpose but a different procedure. *See* 1997 Minn. Laws ch. 213, art. 1, § 1 (enacting provision now codified at Minn.Stat. § 549.211 (1998)); *Pfleiderer v. Pfleiderer*, 591 N.W.2d 729, 733–34 (Minn.App.1999) (noting repeal of Minn.Stat. § 549.21 and that, while Minn.Stat. § 549.211 has similar purpose, it has different procedural requirements). The new provision is effective only for causes of action rising on or after August 1, 1997. Minn.Stat. § 645.02 (1998). Here, the suit producing the sanctions at issue was filed in 1996. Therefore, the district court's use of the old provision (Minn.Stat. § 549.21), rather than the new provision (Minn.Stat. § 549.211), to determine the propriety of awarding sanctions was not erroneous. *See Kellar v. Von Holtum*, 583 N.W.2d 761, 762 n. 1 (Minn. App.1998) (addressing award made under Minn.Stat. § 549.21, noting action commenced before August 1, 1997).

An award of sanctions under Minn.Stat. § 549.21 is discretionary with the district court. *State Bank of Young Am. v. Fabel*, 530 N.W.2d 858, 863 (Minn. App.1995), *review denied* (Minn. June 29, 1995). Here, (1) for the period relevant to this proceeding, appellant showed neither that he had the license required by Minn.

Stat. § 82.33, subd. 1 nor that, under Minn.Stat. § 82.18(i), he was exempt from that license requirement; (2) the undisputed record shows appellant did not satisfy the terms of the listing agreement or its override clause; and (3) appellant inaccurately represented the law to the district court. On this record, appellant has not shown that the district court abused its discretion by awarding sanctions under Minn.Stat. § 549.21. Absent such a showing, we need not address the propriety of sanctions under Rule 11.

## DECISION

The stipulated facts and applicable law bar recovery of a commission. The district court did not err in granting summary judgment and in imposing sanctions.

**Affirmed.**